**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TYRONE HODGES, SR., | : | No. 3:11cv1410 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| SCE ENVIRONMENTAL GROUP, INC., | : | |
| Defendant | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Before the court for disposition is Defendant SCE Environmental Group, Inc.'s motion to stay proceedings pending arbitration or, alternatively, to compel arbitration in this case involving allegations of racial discrimination in employment. The matter is fully briefed and ripe for disposition.

**Background**

Defendant is a company in the business of providing a range of environmental services to companies, municipalities and government agencies. (Doc. 1, Compl. ¶ 7). Defendant hired Plaintiff Tyrone Hodges, Sr. in November 2010. (Id. ¶ 9). During mid-April 2011, defendant assigned plaintiff to a two-week project of decontaminating a chemical plant with several other workers/crew members. (Id. ¶ 13). Plaintiff alleges that during this two-week assignment, his co-workers subjected him to racially discriminatory jokes and comments. (Id. ¶ 14). Plaintiff complained to management about the racial discrimination. (Id. ¶ 15). Subsequent to his complaints, "he experienced hostility, antagonism, was

treated in a derogatory manner, was given undesirable work assignments, and was only given sporadic work." (Id. ¶ 16).  Plaintiff asserts that his employer constructively discharged him by failing to assign him work and failing to put him on the work schedule.  (Id. ¶ 17).   Based upon these allegations, plaintiff instituted the instant action.  He asserts that his termination from employment was due to his race and in retaliation for his complaints of racial discrimination in violation of 42 U.S.C. § 1981.[1]   After waiving service and being provided with a copy of the complaint, defendant filed a motion to stay proceedings pending arbitration or, alternatively, to compel arbitration.  Plaintiff opposes the motion, bringing the case to its present posture.

**Jurisdiction**

Because plaintiff's complaint is brought under 42 U.S.C. § 1981 for employment discrimination, we have jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Standard of review**

The question in this case is whether the parties should be compelled to arbitrate their employment dispute.  "It is well established that the

---

[1] Section 1981 provides, in part, as follows: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes licenses, and exactions of every kind, and to no other."  Section 1981 "affords a federal remedy against discrimination in private employment on the basis of race." Johnson v. Railway Exp. Agency, Inc., 421 U.S. 454, 459-60 (1975).

Federal Arbitration Act (FAA), reflects a 'strong federal policy in favor of the resolution of disputes through arbitration.'" <u>Kirleis v. Dickie, McCamey & Chilcote, P.C.</u>, 560 F.3d 156, 160 (3d Cir. 2009) (quoting <u>Alexander v. Anthony Int'l, L.P.</u>, 341 F.3d 256, 263 (3d Cir. 2003)). Still, "[b]ecause arbitration is a matter of contract . . . before compelling arbitration pursuant to the Federal Arbitration Act, a court must determine that (1) a valid agreement to arbitrate exists, and (2) the particular dispute falls within the scope of the agreement." <u>Id.</u> "A party to a valid and enforceable arbitration agreement is entitled to a stay of federal court proceedings pending arbitration as well as an order compelling such arbitration." <u>Alexander v. Anthony Intern., L.P.</u>, 341 F.3d 256, 263-64 (3d Cir. 2003); <u>see</u> <u>also</u> 9 U.S.C. § § 3 and 4.

**Discussion**

When defendant hired plaintiff, they provided him with an Employee Handbook. The handbook contains a provision that provides that the parties agree to arbitrate disputes involving claims of unlawful discrimination. Specifically, the Employee Handbook provides as follows:

> If an employment dispute arises while you are employed at S.C.E., S.C.E. requests that you agree to submit any such dispute arising out of your employment or termination of your employment (including, but not limited to, claims of unlawful termination based on race, sex, age, national origin, disability, breach of contract or any other bias prohibited by law) exclusively to binding arbitration under the federal Arbitration Act, 9 U.S.C., Section 1. Similarly, any disputes arising during your employment involving claims of unlawful discrimination or harassment under federal or state statutes shall be submitted exclusively to binding arbitration under the above provisions. This arbitration shall be the exclusive means of resolving

>       any dispute arising out of your employment or
>       termination from employment by S.C.E. or you, and
>       employees in any court or any forum can bring no
>       other action.

(Doc. 6-3, Def. Ex. B, Employee Handbook, at 14).

Upon commencing employment with the defendant, plaintiff signed a "Receipt and Acknowledgment of Employment Policies" which provides as follows:

>       By accepting or continuing employment with
>       the Company, I agree that arbitration is the
>       exclusive remedy for all disputes arising out of or
>       related to my employment with the company. I will
>       read the Arbitration Policy I have been given and
>       agree to abide by the policy and ask questions if
>       needed regarding the policy. Employees should
>       contact their supervisor or refer to the complete
>       copy of the Arbitration Policy outlining procedures
>       and deadlines for submitting a claim.

(Doc. 6–4, Def. Ex. C).

Thus, the defendant's policy is to resolve employment disputes pursuant to this arbitration agreement under the FAA rather than through court proceedings. The issue we must determine is whether this arbitration agreement is valid.

The law provides that federal courts generally examine relevant state law on contract formation to determine whether a valid arbitration agreement exists under the FAA. Blair v. Scott Specialty Gases, 283 F.3d 595, 603 (3d Cir. 2002). Courts apply general contractual defenses in determining whether agreements to arbitrate are enforceable. Alexander, 341 F.3d at 264. One such defense is unconscionability. Id. Unconscionability can be both procedural and substantive. Id. In the instant case, plaintiff raises arguments regarding substantive

unconscionability to challenge the validity of the contract.[2]  Plaintiff's claims of substantive unconscionability include the following four assertions regarding the arbitration agreement:  1)  it fails to identify the claims and/or statutes that are subject to arbitration; 2) it alters the statute of limitation; 3) it limits available statutory damages; and 4) it requires plaintiff to bear the costs of the arbitrator and court reporter.  Defendant disagrees with plaintiff and argues that the arbitration agreement is valid and enforceable.  After a careful review, we generally agree with the defendant and will grant the motion to compel arbitration and stay the instant proceedings.   We shall address the issues raised by the plaintiff in the order that he raised them.

**1. Failure to mention § 1981**

Agreements to arbitrate generally are enforceable under the FAA. Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24-26 (1991). However, if the agreement to arbitrate precludes a prospective litigant from effectively vindicating a statutory cause of action, the agreement is unenforceable.   Id. at 28.  Plaintiff first argues that the agreement precludes a prospective litigant from effectively vindicating a section 1981 cause of action because it does not contain any language specifically addressing federal anti-discrimination statutes.   We find this argument to be without merit.

An arbitration agreement need not list every statute it purports to cover.  However, "an arbitration agreement that purports to cover statutory claims must contain terms that generally and fairly inform the signatories that it covers statutory claims."  Paladino v. Avnet Comp. Tech., Inc., 134

---

[2]Plaintiff raises no arguments regarding procedural unconscionability; therefore, this issue is not before the court.

F.3d 1054, 1059 (11th Cir. 1998).   In the instant case, while the arbitration agreement does not mention the statute under which plaintiff sues, section 1981, it does state that it applies to "claims of unlawful discrimination or harassment under federal or state statutes[.]" (Doc. 6-3, Def. Ex. B, Employee Handbook, at 14).

This language is sufficient to generally and fairly inform the plaintiff that the arbitration agreement covers the statutory claims here at issue.  In fact, the United States Supreme Court has found that an arbitration clause that is even more broad covered a specific statutory section.  <u>Glimmer v. Interstate/Johnson Lane Corp.</u>, 500 US 20 (1991).  In <u>Glimmer</u>, the plaintiff brought suit in federal district court under the Age Discrimination in Employment Act, ("ADEA"), a federal statute.  <u>Id.</u> at 23.  The employer sought to compel arbitration of the claim under an arbitration agreement that covered disputes regarding his employment or termination of employment.  <u>Id.</u>   The arbitration agreement apparently did not discuss any specific employment statutes that the agreement covered or state that statutes were indeed generally covered.  Regardless, the Supreme Court found the ADEA claim was arbitrable because: "It is by now clear that statutory claims may be the subject of an arbitration agreement, enforceable pursuant to the FAA."  <u>Id.</u> at 26; <u>see</u> <u>also</u> <u>Underwood v. Chef Francisco/Heinz</u>, 200 F. Supp. 2d 475, 479 (E.D. Pa. 2002) (finding plaintiff's section 1981 claims arbitrable where parties had agreed to arbitrate any discharge dispute but did not explicitly reference any statutory claims).

A reading the arbitration agreement in the instant case put employees or prospective employees on notice that the agreement applies

6

to employment discrimination cases that are based upon a federal statute such as section 1981.  Thus, the failure to specifically mention section 1981 does not invalidate the arbitration agreement.

## 2. Statute of limitations

The arbitration agreement requires that claims be brought within one year from the date of termination or one year from the date the conduct occurred.  (Doc. 6-3, Def. Ex. B, Employee Handbook, at 14).  Plaintiff argues that this limitations period is in conflict with the law as the statute of limitations for a section 1981 claim is four years.  Such a shortened time period substantially undermines an employee's ability to bring a discrimination claim and is unenforceable according to the plaintiff.  We disagree.

The Third Circuit Court of Appeals has held that arbitration agreements may properly alter limitations periods.  "We recognize that a provision limiting the time to bring a claim or provide notice of such a claim to the defendant is not necessarily unfair or otherwise unconscionable.  But such a time period must still be reasonable."  Alexander, 341 F.3d at 266 (citing Order of United Commercial Travelers v. Wolfe, 331 U.S. 586, 608 (1947)).    Here, the plaintiff is given a one-year limitations period.  Courts have found in similar cases that a period as short as six months is reasonable.  See Soltani v. W. & S. Life Ins. Co., 258 F.3d 1038, 1042 (9th Cir. 2001) (finding a six-month limitations period for wrongful termination was not unreasonable and noting that "[c]ase law heavily favors affirming on this issue."); Taylor v. W. & S. Life Ins. Co., 966 F.2d 1188, 1206 (7th Cir. 1992) (finding a six-month limitations period for a section 1981 suit was valid).

In <u>Alexander</u>, the Third Circuit Court of Appeals found the limitations period invalid. The limitations, however, was only thirty days. <u>Alexander</u>, 341 F.3d at 267. The court explained: "[T]he requirement in this case inappropriately assists [the employer] by making it unnecessarily burdensome for an employee to seek relief from the company's illegal conduct. Such an unfair advantage is only compounded by the fact that [the employer] is apparently not required to provide detailed and written notice to an employee of any of its own claims within a strictly enforced thirty-day time period." <u>Id.</u>

The instant case is more analogous to the cases that found a six-month or one-year limitations period reasonable, than to the case that found thirty days unreasonable. Accordingly, we find no merit to plaintiff's claim that the arbitration agreement improperly alters the limitations period.[3]

### 3. Attorneys fees

The arbitration agreement indicates that the parties "shall each bear the costs for the legal representation at any such arbitration." (Doc. 6-3, Def. Ex. B, Employee Handbook, at 14). Plaintiff argues that this provision renders the agreement unenforceable because it requires plaintiff to pay for his own attorney's fees and costs, thereby precluding the arbitrator from awarding such to the plaintiff. A successful plaintiff who has sued under

---

[3] Even if the agreement did improperly alter the statute of limitations, plaintiff would not have been prejudiced in the instant case. It appears that the discriminatory conduct that the plaintiff complains of began in mid-April 2011. (Doc. 1, Compl. ¶¶ 13-14). Plaintiff instituted the instant action on July 29, 2011, (<u>see</u> Doc. 1, Compl.), well within the one-year limitations period set forth in the arbitration agreement.

section 1981 may be awarded attorney's fees and costs. See 42 U.S.C. § 1988 ("In any action or proceeding to enforce a provision of [section 1981] . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs[.]").   Thus, plaintiff asserts the arbitration agreement is invalid as it does not provide for this statutory remedy.   To provide a plaintiff the full range of remedies available under a statute, arbitrators must also be able to award attorney's fees to the prevailing party.  See Spinetti v. Serv. Corp., Int'l, 324 F.3d 212, 216 (3d Cir. 2003).  Thus, plaintiff is correct that this portion of the agreement is not valid.  The remedy for this invalidity will be discussed below.

**4. Costs of arbitrator and court reporter**

Additionally, the arbitration agreement provides that "[t]he parties, if any, shall share the cost of the arbitrator and court reporter, equally." (Doc. 6-3, Def. Ex. B, Employee Handbook, at 14).  Plaintiff asserts that paying these fees is prohibitively expensive, and thus the agreement should be deemed unenforceable.  As the party seeking to invalidate the agreement, plaintiff bears the burden of establishing that the costs of arbitration would be prohibitively expensive.  Spinetti, 324 F.3d at 217.  To meet this burden, plaintiff has presented the "Certification of Tyrone Hodges." (Doc. 7-3, Pl. Ex. C).  In this certification, plaintiff indicates that he is "financially unable to pay for half the costs of the arbitrator and court reporter." Id. ¶ 9.  He states that he is married with one child and has been unable to secure employment since defendant terminated him. (Id. ¶¶ 10, 17).  He further avers that "I cannot also pay additional money for arbitration and court reporting fees associated with my discriminatory

9

termination from SCE." (Id. ¶ 21).  We accept plaintiff's certification and find that he cannot pay the costs as he alleges.

   We must now determine the remedy available to the plaintiff where it is cost prohibitive for him to vindicate his rights and where the arbitration agreement makes him responsible for his own attorney fees, even if he prevails in the case.  The Third Circuit Court of Appeals addressed these two issues in Spinetti.  In that case, the terms of an arbitration agreement between an employer and employee required that employment disputes proceed through arbitration.  An employee challenged the agreement because it provided that each party would be required to pay their own attorney's fees and share in the arbitration costs.  The employee argued that these provisions "offended" federal statutes and case law.  Spinetti, 324 F.3d at 213.  Because the arbitration agreement provided terms different from federal statutes, plaintiff argued it was unenforceable.  Id. at 214.  The district court, however, did not invalidate the agreement.  It merely severed the offending provisions from the arbitration agreement, and ordered the case to proceed through arbitration.  Id. at 215.  Plaintiff appealed, arguing that rather than severing the terms of the agreement, the entire agreement to arbitrate should be have been voided.  Id.

   The Third Circuit first noted that the district court appropriately struck the portions of the arbitration agreement dealing with attorneys fees and the costs of arbitration.   The court then addressed the issue of whether the arbitration agreement should be completely voided, or whether it was appropriate to merely sever those portions of the agreement and compel arbitration.  The court held the validity of the arbitration agreements must be determined based upon state law.  Id. at 219. Under Pennsylvania law,

such offending terms should be severed instead of the voiding of the entire agreement.  Id. at 220.

Accordingly, just as in Spinetti, these terms should be severed from the instant case instead of the entire agreement being deemed void.

**Conclusion**

For the reasons set forth above, the defendant's motion to stay proceedings pending arbitration or, alternatively, to compel arbitration will be granted.  However, the portions of the arbitration agreement relating to each party paying their own attorney's fees and the parties splitting the costs of arbitration are severed from the agreement.  The defendant shall pay all costs of arbitration, including the court reporter, and final responsibility for attorney's fees should be governed by 42 U.S.C. § 1981 and § 1988.   An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TYRONE HODGES, SR.,** | : | **No. 3:11cv1410** |
| Plaintiff | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **SCE ENVIRONMENTAL GROUP, INC.,** | : | |
| Defendant | : | |

## ORDER

**AND NOW**, to wit, this 24th day of May 2012, the defendant's motion to stay proceedings pending arbitration or, alternatively, to compel arbitration (Doc. 6) is hereby **GRANTED** as follows:

The parties are directed to proceed through arbitration as provided in their arbitration agreement. The portions of the arbitration agreement relating to each party paying their own attorney's fees and the parties splitting the costs of arbitration are severed from the agreement. The defendant shall pay all costs of arbitration, including the court reporter, and final responsibility for attorney's fees should be governed by 42 U.S.C. § 1981 and § 1988.

The Clerk of Court is directed to administratively close this case.

                                          **BY THE COURT:**

                                          **s/ James M. Munley**

                                          **JUDGE JAMES M. MUNLEY**
                                          **United States District Court**